IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LAQUACIA CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:13-cv-01230-STA-tmp |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)**

Plaintiff Laquacia Crawford has filed this action to obtain judicial review of Defendant Commissioner's final decision determining that she was no longer eligible to receive Supplement Security Income ("SSI") after she reached the age of eighteen. Plaintiff received SSI based on disability as a child beginning November 1, 1997, when she was six years old. After her eighteenth birthday, Plaintiff's eligibility was redetermined under the adult rules pursuant to section 1614(a)(3)(H)(iii) of the Social Security Act ("Act"), 42 U.S.C. § 1382c(a)(3)(H)(iii). Plaintiff was found not disabled as of June 1, 2009. This determination was upheld on reconsideration and, after a hearing on October 6, 2011, by an Administrative Law Judge ("ALJ"). The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision.

Plaintiff has filed this action, requesting reversal of the Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g).

1

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[1] The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[4] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[5] "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration."[6]

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[5] *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

[6] *Faucher v. Sec'y of Health & Human Servs*, 17 F.3d 171, 175 (6th Cir. 1994).

Pursuant to sentence four, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court may immediately award Plaintiff benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."[7] "A judicial award of benefits is proper only [when] the proof of disability is overwhelming or [when] the proof of disability is strong and evidence to the contrary is lacking."[8] These factors are not present in this case, and, therefore, an immediate award of benefits is not appropriate. However, a remand pursuant to sentence four of § 405(g) is appropriate because all essential issues have not been resolved.

Plaintiff was eighteen to twenty-one years old during the relevant period.[9] She attended special education classes at school, and she received a special education high school diploma.[10] Plaintiff attended a program one summer where she performed cleaning jobs, but she does not have any past relevant work.[11]

The ALJ enumerated the following findings: (1) Plaintiff attained the age of eighteen on May 5, 2009, and was eligible for SSI as a child for the month preceding the month in which she attained the age of eighteen; Plaintiff was notified that she was found no longer disabled as of June 1, 2009, based on a redetermination of disability under the rules for adults who file new

---

[7] *Id.* at 176 (citations omitted).

[8] *Id.*

[9] (R. 56, ECF No. 8-3.)

[10] (*Id.* 58-59, 333, 404.)

[11] (*Id.* 60-64.)

3

applications; (2) Since June 1, 2009, Plaintiff has had the following severe impairments: affective mood disorder and borderline intellectual functioning alternatively diagnosed as mild mental retardation; (3) Since June 1, 2009, Plaintiff does not have an impairment or combination of impairments listed in or medically equal to one listed in 20 C.FR. 404, Subpart P, Appendix 1; (4) Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with simple one and two-step instructions and an articulated production schedule to avoid the need to use individual goal-setting judgment; she can tolerate occasional changes in the workplace setting, occasional exposure to co-workers, and no interactions with the general public; (5) Plaintiff has no past relevant work; (6) Plaintiff was born on May 5, 1991, and is a younger individual; (7) Plaintiff received a special education high school diploma and is able to communicate in English; (8) Transferability of job skills is not an issue because Plaintiff does not have past relevant work; (9) Since June 1, 2009, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (10) Plaintiff's disability ended June 1, 2009, and she has not become disabled again since that date.[12]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[13] The claimant bears the ultimate burden of establishing an entitlement to benefits.[14] The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to

---

[12] (*Id.* 32-43.)

[13] 42 U.S.C. § 423(d)(1).

[14] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

demonstrate the existence of available employment compatible with the claimant's disability and background.[15]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[16]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[17] Here, the sequential analysis proceeded to the fifth step. Relying on the testimony of a vocational expert, the ALJ found that, even though Plaintiff has no past relevant work, a substantial number of other work exists in the national economy that she can perform, and, thus, she is not disabled within the meaning of the Act.

Plaintiff argues that the decision of the Commissioner denying her benefits must be reversed because, *inter alia*, the testimony of the vocational expert as to which jobs she could perform conflicted with her impairments as shown in the record. At step five, substantial

---

[15] *Id.*

[16] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[17] 20 C.F.R. § 404.1520(a).

evidence that a claimant has the vocational qualifications to perform specific jobs may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays the claimant's physical and mental impairments.[18] That is, a hypothetical question from an ALJ to a vocational expert must be supported by the record.[19] The hypothetical question "should be an accurate summation of the evidence already presented in the record and can neither add to nor detract from that evidence."[20] When a hypothetical question omits consideration of a claimant's limitations, it is of "little if any evidentiary value" in determining the presence or absence of a disability and, *a fortiori*, cannot constitute substantial evidence to support the Commissioner's decision.[21]

In the present case, the vocational expert considered Plaintiff's residual functional capacity as determined by the ALJ and then testified that Plaintiff could perform unskilled medium jobs that exist in significant numbers nationally, such as bag loader, box bender, hand packer, and laminating machine offbearer.[22] The ALJ asked the vocational expert if his testimony was consistent with the descriptions of those jobs in the *Dictionary of Occupational Titles* ("DOT"),[23] and he said that it was.[24]

---

[18] *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (citation and internal quotation marks omitted).

[19] *Varley v. Sec'y of Health & Human Servs*, 820 F.2d 777 (6th Cir. 1987).

[20] *Myers v. Weinberger*, 514 F.2d 293 (6th Cir. 1975).

[21] *Noe v. Weinberger*, 512 F.2d 588, 596 (6th Cir. 1975).

[22] (R. 75-77, ECF No. 8-3.) The vocational expert also testified that, if a claimant with Plaintiff's age, education, experience, and residual functional capacity needed job coach supervision, that individual could not perform any competitive work. (*Id.* 77.)

[23] *See* United States Dep't of Labor, *Dictionary of Occupational Titles*, (4th ed. rev. 1991).

[24] (R. 77, ECF No. 8-3.)

Plaintiff argues that the Commissioner failed to meet her burden at step five of showing that she can perform the jobs identified by the vocational expert. Plaintiff points out that, pursuant to 20 C.F.R. § 416.921(b)(3), basic work activities include understanding, carrying out, and remembering simple instructions, and Plaintiff is limited to one and two-step instructions. Additionally, the ALJ found that Plaintiff's "IQ scores fall within the range of mild mental retardation overall with processing speed indicative of borderline intellectual functioning," while acknowledging that her "[p]rior scores were lower."[25] William R. Sewell, Ph.D., determined Plaintiff's reading ability to be a grade equivalent of 1.3 and her math grade equivalency 2.7.[26] The jobs listed by the vocational expert appear to require greater abilities than those possessed by Plaintiff.

> The jobs of box bender and bag loader require:
>
> Reasoning: Level 1 - Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Math: Level 1 - Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.
>
> Language: Level 1 - Reading: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.[27]
>
> The job of laminating machine offbearer requires:

---

[25] (*Id.* 38.)

[26] (*Id.* 37 (citing Sewell Report at p. 643).)

[27] 641.687-010 BOX BENDER, DICOT 641.687-010; 737.687-014 BAG LOADER, DICOT 737.687-014.

Reasoning: Level 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Math: Level 1 - Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

Language: Level 2 - Reading: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.[28]

Additionally, this job requires:

Speaking: Speak clearly and distinctly with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect, and future tenses.[29]

The ALJ gave great weight to the reports of Plaintiff's special education teacher, Melissa Whitaker, in formulating Plaintiff's residual functional capacity[30] but did not reconcile Ms. Whitaker's report that she could understand Plaintiff's speech on an unknown topic only one half to two thirds of the time[31] with the requirement of clear and distinct speech for a laminating machine offbearer.

The job of hand packager requires:

Reasoning: Level 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

---

[28] 569.686-046 LAMINATING-MACHINE OFFBEARER, DICOT 569.686-046.

[29] *Id.*

[30] (R. 41, ECF No. 8-3.)

[31] (*Id.* 413.)

> Math: Level 1 - Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.
>
> Language: Level 1 - Reading: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.[32]

Under the definitions of hand packer and laminating machine offbearer, general reasoning ability of the highest 90% of the population is required.[33]

Although the Commissioner is correct that the ALJ and a consulting vocational expert are not bound by the DOT in making disability determinations,[34] in the present case, the ALJ specifically found the vocational expert's testimony to be credible and "consistent with the information contained in the *Dictionary of Occupational Titles*" and relied on it in reaching the decision that there was other work that Plaintiff could perform.[35] However, there are too many inconsistencies between the record concerning Plaintiff's abilities and impairments, in particular her reasoning, reading, math, and speech levels, and the requirements for the jobs named by the vocational expert for his testimony to constitute substantial evidence to support the Commissioner's burden at step five.

Because substantial evidence does not support the Commissioner's decision, her decision must be reversed. Having determined that the decision must be reversed, the court must determine whether it is appropriate to remand this case or to direct the payment of benefits. The

---

[32] 920.587-018 PACKAGER, HAND, DICOT 920.587-018.

[33] *See* DICOT, Vol II at 1011

[34] *See Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (citing *Conn v. Sec'y of Health and Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995)).

[35] (R. 42, ECF No. 8-3.)

record does not establish that Plaintiff is entitled to benefits or that all essential facts have been resolved; therefore, it is appropriate to remand this case for further proceedings. Additional testimony is needed to clarify whether Plaintiff can perform the jobs named by the vocational expert or any other jobs that exist in substantial numbers in the national economy, in light of her reasoning, reading, math, and speech levels.

In summary, the decision of the Commissioner is **REVERSED**, and the action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for a reassessment of Plaintiff's ability to perform work that exists in substantial numbers in the national economy.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 28, 2016.